SMITH et al. v. JOHNSON et al. (No. 6193.)

(Court of Civil Appeals of Texas. Austin. April 28, 1920.)

Appeal and error ⊜⟾753(1)—Assignment necessary to consider refusal of injunction.

On appeal from a final judgment refusing relief in a suit to enjoin dipping of cattle, based upon the merits of the whole case, in the absence of assignments of error, the court will not consider any error but one of law apparent on the record in view of rule 23 (142 S. W. xii).

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Suit by Lum Smith and others against W. M. Johnson and others for an injunction. Judgment for defendants, and plaintiffs appeal. Affirmed.

Morehead & Bush, of Franklin, for appellants.

KEY, C. J. The nature and result of this suit is stated as follows, in appellants' brief:

"Plaintiffs in the court below, appellants herein, instituted this suit during vacation of district court of Robertson county, Tex., by filing their petition on the 25th day of June, A. D. 1919, praying for the issuance of a temporary writ of injunction, and that on final hearing said injunction be made permanent, alleging that defendants were about to invade their premises and forcibly dip their live stock in a poisonous solution, and threatening plaintiffs with criminal prosecution for failure to dip their said live stock in said solution, and that, unless restrained, defendants would do so. Plaintiffs in the court below also attack the constitutionality of chapter 60, Acts Thirty-Fifth Legislature, on many grounds, all of which appear in their original petition.

"Plaintiffs' petition was presented to Hon. W. C. Davis, judge of the eighty-fifth judicial district of Texas, but he made no ruling upon same until said cause came before him for hearing on the 9th day of July, A. D. 1919, the same being at a regular term of the district court of Robertson county, Tex. After a hearing of said petition he refused to grant the injunction as prayed for by plaintiffs, for the reasons set out in his findings of fact and conclusions of law. Assigning as error such findings of fact and conclusions of law, appellants prosecute this suit."

The transcript does not contain any assignment of errors, and therefore this court is prohibited by rule 23 (142 S. W. xii), from considering the questions presented in appellants' brief. The rule referred to reads as follows:

"Said record should contain an assignment of errors as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court."

This is not an appeal from an interlocutory order, granting or refusing a writ of injunction before the case has been tried upon its merits, and therefore is not covered by the statute authorizing an appeal from such orders, and prescribing that such appeal may be submitted without briefs. Not only does appellants' statement as copied by us show that the entire case was tried at a regular term of the court, and that appellants are appealing from a final judgment upon the merits of the whole case, but in the appeal bond, filed by them, it is stated:

"Defendants recovered judgment against the said plaintiffs, that plaintiffs take nothing, and that said injunction prayed for by plaintiffs, both temporary and permanent, be denied, and that defendants recover all costs by them in this behalf expended, from which judgment the said plaintiffs have appealed," etc.

Nor is this a case in which the motion for a new trial may be treated as an assignment of errors, because no motion for new trial was filed.

Hence we conclude that the appeal in this case falls within the general class, and is controlled by rule 23, which requires the complaining litigant to file an assignment of errors. We have discovered no fundamental error in the record, and therefore the judgment is affirmed.

Affirmed.

⊜⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes